**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JOHNSON, | ) No. C 05-3367 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH** |
| v. | ) **LEAVE TO AMEND** |
| ALAMEDA COUNTY, ALAMEDA COUNTY SHERIFF'S DEPARTMENT, and CALIFORNIA U.S. MARSHALS, | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, an inmate at the Alameda County Jail proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. He alleges that while in jail, he was attacked and beaten by eleven other inmates, and that the defendants failed to protect him.

In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claim**

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834.[1] Thus, the attack plaintiff alleges herein may have been the result of a constitutional violation.

Plaintiff, however, has not named any individual as a defendant in his complaint, nor does he allege how any individual(s) caused him to suffer the deprivations he alleges. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (holding liability may be imposed on individual defendant under § 1983 if plaintiff can show defendant proximately caused deprivation of federally protected right); see also Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (holding defendant cannot be held liable based on membership in group, absent showing of individual participation in unlawful conduct). Rather, plaintiff names two county government entities as defendants, Alameda County and the Alameda County Sheriff's Department.[2] Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). Nevertheless, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional

---

[1] Although he does not so indicate, as plaintiff is incarcerated in a county jail, he may be a pre-trial detainee. If so, he is entitled to analogous protections under the Due Process Clause. See Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

[2] A third entity named by plaintiff, the "California U.S. Marshals," does not exist.

right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Here, plaintiff does not allege that the defendants he named have a policy that was deliberately indifferent to his constitutional rights, and that such policy was the moving force behind the constitutional deprivation he allegedly suffered. Accordingly, plaintiff fails to state a cognizable claim under § 1983 against the defendants named in the complaint.

Plaintiff will be given leave to amend the complaint to cure these deficiencies, if he can do so in good faith.

**CONCLUSION**

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies described above. Plaintiff shall include in the caption both the case number of this action (No. C 05-3367 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2. **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present. If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: October 24, 2005

MAXINE M. CHESNEY
United States District Judge