United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY SHERIFF'S DEPARTMENT,<br><br>      Defendants.<br>_____ | No. C 05-3367 MMC (PR)<br><br>**ORDER OF SERVICE** |

On August 18, 2005, plaintiff, an inmate at the Alameda County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and plaintiff timely filed an amended complaint on November 21, 2005.[1]

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

---

[1] A second and identical copy of the amended complaint was filed December 21, 2005.

1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claim**

In his amended complaint, plaintiff alleges he was injured after being attacked by other inmates, and that defendants "failed in their duty to protect" him from this attack.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Id. at 834.[2]

The foregoing allegations were included in the original complaint. The complaint was dismissed with leave to amend, however, because no individual defendants were named, and the allegations were insufficient to state a cognizable claim for municipal liability against the two governmental entity defendants, namely Alameda County and the Alameda County Sheriff's Department. In the amended complaint, plaintiff has not named any individual defendant, and again names Alameda County and the Alameda County Sheriff's Department. Such local governments are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this

---

[2] Plaintiff does not indicate his custodial status. As plaintiff is incarcerated in a county jail, he may be a pre-trial detainee. If so, he is entitled to analogous protections under the Due Process Clause. See Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

2

1  policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that
2  the policy is the moving force behind the constitutional violation.  See Plumeau v. School
3  Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  In the amended complaint,
4  plaintiff alleges that the "policies of the defendants were deliberately indifferent to his
5  constitutional rights; reasonable measures were not taken to guarantee his safety."  Although
6  minimal, such allegations are sufficient to state a cognizable claim under Monell and
7  Plumeau against the municipal defendants for failing to protect plaintiff from harm by other
8  inmates.

## CONCLUSION

10  1.  The Clerk of Court shall issue summons and the United States Marshall shall
11  serve, without prepayment of fees, a copy of the amended complaint in this matter, all
12  attachments thereto, and a copy of this order upon **the Alameda County Sheriff's**
13  **Department.**  The Clerk shall also send a courtesy copy of this order and the amended
14  complaint to the Alameda County Counsel's Office.

15  2.  In order to expedite the resolution of this case, the Court orders as follows:
16  a.  No later than **sixty (60) days** from the date of this order, defendants
17  shall file a motion for summary judgment or other dispositive motion.  Defendants may
18  refile the motion filed in plaintiff's previous case, or they may supplement or augment that
19  motion.  The motion shall be supported by adequate factual documentation and shall
20  conform in all respects to Federal Rule of Civil Procedure 56.

21  **Defendants are advised that summary judgment cannot be granted, nor qualified**
22  **immunity found, if material facts are in dispute.  If any defendant is of the opinion that**
23  **this case cannot be resolved by summary judgment, he shall so inform the Court prior**
24  **to the date the summary judgment motion is due**.

25  All papers filed with the Court shall be promptly served on plaintiff.
26  b.  Plaintiff's opposition to the dispositive motion shall be filed with the
27  Court and served on defendants no later than **thirty (30) days** from the date defendants'
28  motion is filed. The Ninth Circuit has held that the following notice should be given to
plaintiffs:

3

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil

4

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: May 12, 2006

_____
MAXINE M. CHESNEY
United States District Judge

5