IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LASHUN JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAMEDA COUNTY, ) <br> ALAMEDA COUNTY SHERIFF'S ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 05-3367 MMC (PR) <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** <br><br> (Docket No. 16) |

On August 18, 2005, plaintiff, proceeding pro se and, at the time, an inmate at the Alameda County Jail, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] The Court dismissed the complaint with leave to amend. On May 12, 2006, after reviewing the First Amended Complaint ("FAC")[2], the Court found plaintiff had stated a cognizable claim against defendants Alameda County ("County") and the Alameda County Sheriff's Department ("Sheriff's Department") for deliberate indifference to plaintiff's safety. Now before the Court is defendants' joint motion for summary judgment. Plaintiff has filed an

---

[1] Plaintiff, a federal prisoner, currently is incarcerated at the United States Penitentiary in Atwater, California.

[2] Plaintiff filed his FAC on November 21, 2005; he subsequently filed a second and identical copy of the FAC on December 21, 2005.

opposition to the motion, and defendants have filed a reply.

## BACKGROUND[3]

Plaintiff was at all times relevant to the FAC a federal detainee in the custody of the Alameda County Sheriff's Department ("Sheriff's Department").

On February 20, 2005, plaintiff was housed at the Glenn Dyer Detention Facility. (Decl. Sgt. W. Borland Supp. Defs.' Mot. Summ. J. ("Borland Decl.") ¶ 7.) On that date, he was in a common recreation room with other inmates when he was attacked by another inmate or inmates. (FAC at 2.) As the result of this attack, which involved "an inmate whaling a very sharp object," plaintiff received a substantial laceration to his right arm, which required medical treatment in the form of stitches and staples. (FAC at 1.)

In December 2005, after pleading guilty to the federal offense of being a felon in possession of a firearm, plaintiff was committed to the custody of the United States Bureau of Prisons for a term of 120 months. (Defs.' Req. Jud. Not. Ex. 14.)[4]

In plaintiff's original complaint, he alleged defendants County and Sheriff's Department had violated his constitutional rights by failing to protect him from being attacked by other inmates. The Court dismissed the complaint with leave to amend because plaintiff had not named any individual as a defendant in his complaint, nor had he alleged how any individual or individuals had caused him to suffer the alleged constitutional violation. Upon reviewing plaintiff's FAC, the Court found plaintiff again had failed to name any individual defendants. Nevertheless, the Court concluded, plaintiff's allegations, specifically, that his injury was the result of County and Sheriff's Department policies that were deliberately indifferent to his constitutional rights, were sufficient to state a claim for municipal liability against the County and the Sheriff's Department.

---

[3] The facts set forth in the background section are not disputed by the parties.

[4] Pursuant to Federal Rule of Evidence 201, the Court grants defendants' request that the Court to take judicial notice of the following public court records in the matter of United States v. Johnson, CR 05-00104-01 CW: the Criminal Docket Report, attached to defendants' request as Exhibit 12; the Criminal Minute Order dated October 24, 2005, attached to defendants' request as Exhibit 13; and the Criminal Judgment, dated October 27, 2005 and attached to defendants' request as Exhibit 14.

**DISCUSSION**

A.    <u>Legal Standard</u>

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>See</u> Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>See</u> <u>id.</u>

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>see also</u> <u>Anderson v. Liberty Lobby</u>, 477 U.S. at 248 (holding fact is material if it might affect outcome of suit under governing law; further holding dispute about material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if, as to any given fact, evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. <u>See</u> <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting

3

evidence with respect to a disputed material fact.  See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

B.  Analysis

Plaintiff alleges his constitutional rights were violated when, as the result of defendants' failure to follow jail classification policies, and/or their implementation of flawed jail classification policies, jail officials failed to protect him from being attacked by other inmates.  Defendants do not dispute that plaintiff was attacked and injured by other inmates; rather, they argue he has failed to put forth admissible evidence sufficient to show he suffered a constitutional violation, either at the hands of any jail official, or as the result of municipal policy.

1.  Jail Officials

Plaintiff, who was a pretrial detainee on February 20, 2005, claims jail officials violated his constitutional rights under the Eighth and Fourteenth Amendments on that date by failing to protect him from being attacked by other inmates.  A pretrial detainee, because he has not been convicted of a crime, is not protected by the Eighth Amendment's proscription against cruel and unusual punishment.  See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979).  Under the Due Process Clause of the Fourteenth Amendment, however, a pretrial detainee may not be subjected to punishment.  Id.  Accordingly, plaintiff's claims will be evaluated under the Fourteenth Amendment, and because the protections of the Due Process Clause are at least as great as those of the Eighth Amendment, the Eighth Amendment serves as a benchmark for evaluating plaintiff's constitutional claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The failure of prison officials to protect an inmate from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to the inmate's safety.  Id. at 834.  A prison official acts with deliberate indifference when the

4

official knows of and disregards an excessive risk to an inmate's safety.  Id. at 837.  Because the Eighth Amendment provides a minimum standard of care for pretrial detainees, "deliberate indifference is the level of culpability that pretrial detainees must establish for a violation of their personal security interests under the [F]ourteenth [A]mendment."  Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992).

Defendants argue plaintiff cannot establish that jail officials acted with deliberate indifference to his safety, because he has neither named, nor described the actions of, any individual jail official who failed to protect him from being attacked by other inmates on February 20, 2005.  In his opposition, plaintiff argues he cannot name any individual defendants or jail officials, or even discover their names, because he is incarcerated.  (Opp. at 2.)  He asks the Court to appoint an attorney to conduct discovery on his behalf, or to order defendants to provide relevant discovery.  (Id.)

Plaintiff's claim that he needs further discovery in order to oppose defendants' motion for summary judgment is unavailing.  Plaintiff has had ample time to conduct discovery and proffer admissible evidence to support his claims.  On May 12, 2006, in its order of service, the Court provided plaintiff with notice under Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), of the nature and consequences of a summary judgment motion.  (Order of Service at 4.)  Plaintiff was notified he must support any opposition to a motion for summary judgment with admissible evidence, including declarations and authenticated documents.  (Id.)  Plaintiff was also notified that the failure to submit evidence in opposition to a motion for summary judgment may result in summary judgment being entered against him.  (Id.)  In addition, the order of service provided plaintiff with notice of his right to conduct discovery, specifically informing the parties they could conduct discovery in accordance with the Federal Rules of Civil Procedure, and that no further court order was required before discovery could be conducted.  (Id. at 4-5.)  It is undisputed that plaintiff never sent defendants a written request for relevant discovery either before or after defendants filed their motion for summary judgment.  Accordingly, the Court finds plaintiff is entitled neither

5

to further discovery nor to the appointment of counsel to assist him therewith.

Plaintiff argues the fact he was attacked and injured while in defendants' custody is sufficient to establish a constitutional violation . (Opp. at 3-5.) Plaintiff cannot, however, establish the violation of his constitutional rights solely because he was injured by another inmate while he was incarcerated. As the Supreme Court has made clear, although prison officials have a duty to protect prisoners from violence at the hands of other prisoners, "[i]t is not, . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. Consequently, to prevail on his claim, plaintiff must show he was attacked because a jail official or officials failed to take reasonable measures to protect him, that this failure resulted in conditions that posed a substantial risk of harm to plaintiff, and that the disregard of an excessive risk to plaintiff's safety amounted to deliberate indifference. See id. at 833-34, 837.

Plaintiff has not come forward with admissible evidence showing any jail official acted with deliberate indifference to plaintiff's safety. Accordingly, the Court finds plaintiff has failed to establish an essential element of his claim that he suffered a violation of his constitutional rights as the result of the actions of any jail official or officials.

2. Municipal Policy

Plaintiff argues that even without a showing of an underlying constitutional violation by an individual jail official, the County and the Sheriff's Department, under a theory of municipal liability, are liable for the attack he suffered. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom results in a violation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Under Monell, to impose municipal liability under § 1983 for a violation of a constitutional right, a plaintiff must show: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130

6

1  F.3d 432, 438 (9th Cir. 1997).

2  As made clear by the first element of the <u>Monell</u> test, the liability of a municipality is
3  contingent on a violation of constitutional rights; a municipality cannot be held liable for
4  damages based on the actions of one of its employees unless the employee inflicted
5  constitutional harm. <u>Scott v. Henrich</u>, 39 F.3d 912, 916 (9th Cir. 1994), <u>cert. denied</u>, 515
6  U.S. 1159 (1995). Here, as discussed above, plaintiff has not submitted admissible evidence
7  showing an underlying constitutional violation by any County or Sheriff's Department
8  employee. Accordingly, on this ground alone, plaintiff has failed to establish an essential
9  element of his claim of municipal liability.

10 Plaintiff argues the County and Sheriff's Department nevertheless are liable for his
11 injury because he would not have been injured if said defendants had not negligently
12 implemented their classification policies, and/or had not implemented flawed classification
13 policies. In support of their motion for summary judgment, defendants have submitted
14 declarations, as well as accompanying exhibits, that attest to the polices used to classify
15 plaintiff when he was in defendants' custody. According to defendants' evidence, on August
16 24, 2004, plaintiff was arrested on a charge of federal armed bank robbery and was booked
17 into the Santa Rita County Jail, where he was classified and housed pursuant to Sheriff's
18 Department policies as set forth in California Penal Code § 4002 and Sheriff's Department
19 Minimal Jail Standards § 1050. (Borland Decl. ¶¶ 5, 7.) In accordance with those policies,
20 plaintiff was classified as follows: (1) his crime sophistication, which refers to the level of
21 experience the inmate has in serving time in county or state detention facilities, was level
22 "A", or extreme, because plaintiff had served prior time in a county jail and three years in
23 state prison for committing felony robbery; (2) his crime classification, which refers to the
24 seriousness of the current charges on which the inmate is being held, was level "B", or
25 moderate, because plaintiff was arrested for the federal felony offense of armed bank
26 robbery; (3) his security classification, which refers to indicators of the inmate's propensity
27 to attempt escape or be involved in "custody incidents" (such as possessing drugs or
28 weapons), was level "B," because he was charged with armed robbery; (4) his assault

7

classification, which refers to indicators of the inmate's propensity to assault other inmates or staff, was level "B," because the charge of armed robbery constitutes an assault; and (5) his administrative classification, which refers to other factors that affect an inmate's custody (such as sexual orientation or gang affiliation), was level "B," because he was a federal detainee and not a state prisoner. Based on plaintiff's classification levels, he was housed within the mainline medium-security inmate population, along with other similarly-situated prisoners. (Id. ¶¶ 5, 8 & Ex. 3.)

In his opposition, plaintiff does not argue, let alone submit evidence showing, he was wrongly classified under defendants' policies, or that the policies are themselves constitutionally infirm. Rather, his sole assertion is that the fact of his injury necessarily demonstrates the implementation and/or content of the policies amounted to deliberate indifference to his constitutional rights. Plaintiff's assertion is insufficient to establish municipal liability. In particular, plaintiff has failed to carry his burden of presenting admissible evidence sufficient to support a finding that defendants implemented policies deliberately indifferent to plaintiff's constitutional right to safety, and that such policies were the moving force behind the alleged constitutional violation.

3. Summary

As discussed above, the Court finds plaintiff has not established a triable issue of fact as to whether he suffered a constitutional violation based on defendants' failure to follow appropriate jail classification policies, and/or implementation of flawed jail classification policies, resulting in plaintiff's being attacked by other inmates.

Accordingly, summary judgment will be granted in favor of defendants.

///
///
///
///
///

8

**CONCLUSION**

For the reasons stated, defendants' motion for summary judgment is hereby GRANTED and judgment will be entered in favor of defendants Alameda County and Alameda County Sheriff's Department.

This order terminates Docket No. 16.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 28, 2007

_____
MAXINE M. CHESNEY
United States District Judge